UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VILLAGE VOICE MEDIA HOLDNGS, LLC and
VILLAGE VOICE, LLC,

                              Plaintiffs,

            - against -

TIME OUT NEW YORK LIMITED, TIME OUT
AMERICA, LLC, and TIME OUT NEW YORK
PARTNERS, L.P.,

                              Defendants.
------------------------------------------------------------x

11 CV 8245

COMPLAINT

Index No.

JURY TRIAL DEMANDED

Plaintiffs Village Voice Media Holdings, LLC ("Village Voice Media") and Village Voice, LLC ("Village Voice") by and through the undersigned counsel, for its Complaint against the above-named Defendants, alleges as follows:

## NATURE OF ACTION

1.     This is an action for, *inter alia*, federal trademark infringement and unfair competition arising from the Defendants' willful infringement of Plaintiffs' trademark BEST OF NYC (3,479,806) (the "Infringed Mark").

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, 1125(a) and 28 U.S.C. §§ 1331 and 1338.

3.     This Court has personal jurisdiction over the non-domiciliary Defendants pursuant to C.P.L.R. §302 and the domiciliary Defendants pursuant to §301.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

5.  Plaintiff Village Voice Media is a Delaware limited liability company with its principal place of business located at 1201 East Jefferson Street, Phoenix, Arizona 85034.

6.  Plaintiff Village Voice is a Delaware limited liability company with its principal place of business located at 36 Cooper Square, New York, New York 10003.

7.  Upon information and belief, Defendant Time Out New York Limited ("Time Out New York") is an English company and has its principal place of business in New York State located at 475 10th Avenue, 12th Floor, New York, New York 10018.

8.  Upon information and belief, Defendant Time Out America LLC ("Time Out America") is a Delaware limited liability company with its principal place of business located at 475 10th Avenue, 12th Floor, New York, New York 10018.

9.  Upon information and belief, Defendant Time Out New York Partners, L.P. is a Delaware Foreign Limited Partnership with an address at 627 Broadway, New York, New York 10012.

## ALLEGATIONS COMMON TO ALL COUNTS

10.  Village Voice Media is affiliated with a number of limited liability companies (collectively the "Related Entities" and sometimes singularly referred to as the "Related Entity"), each of which publishes a weekly newspaper. Those newspapers include *The Village Voice* (New York, New York), *City Pages* (Minneapolis, Minnesota), *Dallas Observer* (Dallas, Texas), *Houston Press* (Houston, Texas), *LA Weekly* (Los Angeles, California), *Miami New Times* (Miami, Florida), *OC Weekly* (Orange County, California), *Phoenix New Times* (Phoenix, Arizona), *Riverfront Times* (St. Louis,

Missouri), *Seattle Weekly* (Seattle, Washington), *SF Weekly* (San Francisco, California), and *Westword* (Denver, Colorado), *New Times Broward/Palm Beach* (Ft. Lauderdale, Florida).

11. Village Voice Media is the owner of the federal registered trademark BEST OF NYC, registered on August 5, 2008, in Class 16/ for "annual newspaper supplements in the field of listing individuals and businesses that have achieved excellence in areas of interest to the general public" and in Class 41/ for "conducting awards programs honoring individuals and companies that have demonstrated excellence in their fields, in the quality of their products and services and in customer service" (Reg. No. 3,479,806 and first used in commerce on September 24, 1999, (the "Infringed Mark"). Village Voice Media licenses the Infringed Mark to Related Entity Village Voice. A true and correct copy of the federal registration for the Infringed Mark is attached hereto as Exhibit A.

12. Village Voice has continuously used the Infringed Mark in commerce from at least as early as September 24, 1999 to the present. Village Voice uses the Infringed Mark in connection with, *inter alia*, its web site at www.villagevoice.com and in connection with its newspaper called *The Village Voice.*

13. Village Voice Media is also the owner of the following federal registered family of trademarks, in addition to and including the Infringed Mark, (the "Registered Marks"), each of which Village Voice Media licenses to the applicable Related Entity to use in commerce:

- BEST OF DALLAS – Registered on September 23, 1997 (Reg. No. 2,098,988), and first used in commerce on July 12, 1984.

- BEST OF DENVER – Registered on September 23, 1997 (Reg. No. 2,098,909), and first used in commerce on April 1, 1984.

- BEST OF HOUSTON – Registered on October 7, 1997 (Reg. No. 2,102,832), and first used in commerce on September 27, 1990.

- BEST OF MIAMI – Registered on September 9, 1997 (Reg. No. 2,094,511), and first used in commerce on February 14, 1990.

- BEST OF PHOENIX - Registered on September 23, 1997 (Reg. No. 2,098,989), and first used in commerce on March 28, 1979.

- BEST OF SAN FRANSISCO – Registered on May 18, 2004 (Reg. No. 2,842,140), and first used in commerce on June 26, 1996.

- BEST OF SEATTLE - Registered on February 25, 2003 (Reg. No. 2,690,516), and first used in commerce on October 8, 1986.

- BEST OF ST. LOUIS – Registered on April 10, 2001 (Reg. No. 2,441,835), and first used in commerce on November 19, 1998.

- BEST OF THE TWIN CITIES - Registered on February 18, 2003 (Reg. No. 2,688,355), and first used in commerce on June 25, 1986.

- BEST OF BROWARD/PALM BEACH - Registered on October 17, 2006 (Reg. No. 3,156,284), and first used in commerce on March 11, 1999.

14. True and correct copies of the federal registrations for the Registered Marks are attached hereto as Ex. B.

15. Village Voice Media has also filed the following intent-to-use trademark applications pursuant to 15 USC §1051(b) (the "Pending Trademarks"):

- BEST OF...- Filed on January 20, 2011 and bearing Serial Number 85/222,518.

- BEST OF VOICE PLACES – Filed on January 20, 2011 and bearing Serial Number 85,222,587.

- BEST OF HOUSTON BESTFEST – Filed on July 22, 2011 and bearing Serial Number 85/378,399.

- BEST OF HOUSTON BEST OF FEST – Filed on July 22, 2011 and bearing Serial Number 85/378,779.

16. The Village Voice registrations described above are valid and in full force and effect and are the property of Village Voice Media, which is the exclusive owner of all rights and goodwill pertinent to the Registered Marks and the registrations. The Registered Marks are the property of Village Voice Media and each is exclusively licensed by Village Voice Media to the Related Entity using the respective Registered Mark.

17. Village Voice Media and the Related Entities have expended substantial sums of money and time in the development and promotion of the Registered Marks, including but not limited to the Infringed Mark, and have established a valuable reputation and goodwill in the Registered Marks. The Registered Marks have become distinctive of the goods and services of Village Voice Media and the Related Entities (i.e. Village Voice) in commerce.

18. The Related Entities use the Registered Marks in their newspapers and elsewhere for awards recognizing outstanding achievements by retail businesses in the areas where they publish. Each newspaper publishes an annual "Best of [city name]"

supplement listing businesses of superior quality in a number of different categories. These businesses are given plaques with the "Best of" logo, the year of the award, and the category of the award. The recipients tend to proudly display such awards in their establishments. The communities serviced by the newspapers of the Related Entities have come to recognize the "Best of" awards, and now associate the Registered Marks, the "Best of" supplements, and the "Best of" awards with Village Voice Media and the Related Entities.

## DEFENDANTS' INFRINGING CONDUCT

19. Upon information and belief, Defendants own, operate and publish a weekly magazine called *Time Out New York*. Defendants print, publish and sell *Time Out New York* at newsstands and via subscription throughout the New York City area.

20. On or about November 3, 2011, Defendants printed and published Issue No. 835 of *Time Out New York*, which contains a spread called "Best of NYC" (the "Spread"), which prominently displayed the Infringed Mark BEST OF NYC on the front cover of the magazine. The Spread also includes the Infringed Mark BEST OF NYC, very prominently displayed on the beginning of the Spread at page 13 and displayed on the top left corner of pages 14-24. Attached as Ex. C is a copy of the entire Spread. Upon information and belief, Defendants' Issue No. 835 of Time Out New York was widely available on sale in newsstands from at least November 3, 2011 through November 9, 2011.

21. Upon information and belief, Defendants also own, operate and control a website located at http://newyork.timeout.com/ (the "Infringing Website").

22.     Upon information and belief, on or about November 3, 2011, Defendants again published and disseminated part or all of the Spread on the Infringing Website. Attached as Exhibit D are true and correct copies of printouts from the Infringing Website with the BEST OF NYC Infringed Mark prominently displayed.

23.     Upon information and belief, the goods/service provided by Defendants in connection with their use of the Infringed Mark directly compete with the good/services provided by Plaintiffs. Plaintiffs have not authorized Defendants to use the Infringed Mark.

24.     On November 9, 2011, Plaintiff Village Voice sent Defendants a cease and desist letter via electronic communication and via U.P.S. (the "Cease and Desist Letter"). Attached as Exhibit E is a true and correct copy of the Cease and Desist Letter, with attachments. The Cease and Desist Letter informed the Defendants that Village Voice Media owns the Infringed Mark, explained how Defendants infringed Village Voice Media's rights in the Infringed Mark and included two attachments, which indicated proof of Defendants' infringement of the Infringed Mark. The Cease and Desist Letter also demanded that Defendants remove the Infringed Mark from the Infringing Website within five days of Defendants' receipt of the Cease and Desist Letter.

25.     More than five days have elapsed since the Defendants received the Cease and Desist Letter and the Defendants have not removed the Infringed Mark from the Infringing Website or even contacted Plaintiffs for additional time to respond to their demands.

26. Defendants have continued their infringing activities with full knowledge of the Plaintiffs' rights in the Infringed Mark and, therefore, its infringing activities are willful and intentional.

## CAUSES OF ACTION

### COUNT I

### (TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT)

27. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 25, as if fully set forth herein.

28. Defendants' use of the Infringed Mark in commerce is likely to cause actual confusion, or to cause mistake or to deceive consumers who observe the Infringed Mark to believe that the Defendants are owned, operated, associated, or otherwise affiliated with Plaintiffs.

29. Defendants' use of the Infringed Mark in commerce infringes Village Voice Media's federal registration in the Infringed Mark and Village Voice's licensed use of the Infringed Mark.

30. Defendants' unlawful activities complained of herein have been willful and intentional and in complete disregard for Plaintiffs' rights in the Infringed Mark.

31. Defendants' unlawful activities complained of herein constitute willful infringement of the federally registered Infringed Mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

32. Unless prohibited by the Court, Defendants will continue their unlawful activities complained of herein to the Plaintiffs' continued detriment.

33. As a result of Defendants' infringing activities, Plaintiffs have and will continue to suffer irreparable harm and damage.

34. Defendants' use of the Infringed Mark violates 15 U.S.C. § 1114.

## COUNT II

### (UNFAIR COMPETITION, FALSE DESIGNATION AND DILUTION)

35. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 33, as if fully set forth herein.

36. At all times herein mentioned, Defendants have used, and continue to use the Infringed Mark in commerce. Defendants' use of the Infringed Mark is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of the Defendants with the Plaintiffs, or as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities by the Plaintiffs.

37. The Defendants' use of the Infringed Mark violates 15 U.S.C. § 1125(a).

## COUNT III

### (NEW YORK STATE COMMON LAW UNFAIR COMPETITION AND FRAUD IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 359)

38. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 36, as if fully set forth herein.

39. Defendants, without Plaintiffs' consent, are using the mark BEST OF NYC which is identical to the Infringed Mark, in a manner that is likely to cause a mistake or deceive a person as to the affiliation, connection, or association of the

Defendants to the Plaintiffs, or as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities by the Plaintiffs.

40. By their unlawful actions set forth herein, Defendants have violated and infringed Plaintiffs' common law rights in the Infringed Mark and have competed unfairly with Plaintiffs under the common law of the State of New York.

41. Defendants' unlawful actions set forth herein constitute deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state and are in violation of New York General Business Law § 359.

42. Defendants' willful conduct amounts to deceit and fraud. By causing members of the trade and consumers to be confused by Defendants' use of the Infringed Mark, Defendants have deceptively passed off their services as emanating or being endorse by Plaintiffs when they are not.

43. Defendants' knowing and reckless disregard for Plaintiffs' rights in the Infringed Mark constitutes willful and morally culpable conduct to an extreme degree because Defendants are providing goods and services under the Infringed Mark for which it is not authorized or accredited and consumers and members of the trade are likely to believe that the services obtained from Defendants are of the same high caliber and accreditation as Plaintiffs when they are not.

44. At all times herein mentioned, Defendants' use of the Infringed Mark has been in bad faith. Moreover, Defendants have continued to use the Infringed Mark in bad faith even after counsel for Village Voice Media served Defendants with the Cease and Desist Letter.

45. As a result of Defendants' infringing activities, Plaintiffs have and will continue to suffer irreparable harm and damage.

46. Plaintiffs have no other adequate remedy at law.

WHEREFORE, Plaintiffs demand that the Court enter a Judgment that:

(i) Defendants have willfully and intentionally infringed Plaintiffs' Infringed Mark;

(ii) Defendants, their agents, servants, employees and assigns, be permanently restrained from using the Infringed Mark;

(iii) Defendants be required to pay Plaintiffs damages in an amount to be determined at trial;

(iv) Defendants be required to turn over their profits gained by their infringing use of the Infringed Mark;

(v) Defendants' profits or Plaintiffs' damages, whichever are greater, shall be trebled pursuant to 15 U.S.C. § 1117;

(vi) Plaintiffs be awarded exemplary and punitive damages in an amount to be determined at trial;

(vii) This be declared an exceptional case within the meaning of 15 U.S.C. § 17(a) and Plaintiffs be awarded their costs and attorneys' fees within the meaning of 15 U.S.C. § 17(a) or as otherwise permitted by law;

(viii) Plaintiffs be awarded pre and post judgment interest on all sums due from Defendants; and

(ix) An Order directing Defendants to recall and destroy or surrender to Plaintiffs any and all materials in Defendants' possession which bear the Infringed Mark

or any mark substantially similar thereto and an Order directing Defendants to contact any third parties with whom Defendants have distributed the infringing material and to direct them to recall and destroy or surrender to Plaintiffs any and all materials bearing the Infringed Mark or any mark substantially similar thereto.

    (x)    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 15, 2011

                       THE SERBAGI LAW FIRM, P.C.

                       By: _/s/ Christopher Serbagi_
                         Christopher Serbagi, Esq.
                         David Marcus, Esq.
                         488 Madison Avenue, Suite 1120
                         New York, New York 10022
                         Tele: (212) 593-2112
                         Fax: (212) 308-8582

                         Attorney for the Plaintiffs Village Voice Media Holdings, LLC and Village Voice, LLC

# EX. A.

Int. Cls.: 16 and 41

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 3,479,806
Registered Aug. 5, 2008

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

# BEST OF NYC

VILLAGE VOICE MEDIA HOLDINGS, LLC (DELAWARE LTD LIAB CO)
1201 EAST JEFFERSON STREET
PHOENIX, AZ 85034

FOR: ANNUAL NEWSPAPER SUPPLEMENTS IN THE FIELD OF LISTING INDIVIDUALS AND BUSINESSES THAT HAVE ACHIEVED EXCELLENCE IN AREAS OF INTEREST TO THE GENERAL PUBLIC, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-24-1999; IN COMMERCE 9-24-1999.

FOR: CONDUCTING AWARDS PROGRAMS HONORING INDIVIDUALS AND COMPANIES THAT HAVE DEMONSTRATED EXCELLENCE IN THEIR FIELDS, IN THE QUALITY OF THEIR PRODUCTS AND SERVICES AND IN CUSTOMER SERVICE, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-24-1999; IN COMMERCE 9-24-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,652,951.

SEC. 2(F).

SER. NO. 77-342,743, FILED 12-3-2007.

SALLY SHIH, EXAMINING ATTORNEY

# EX. B.

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,098,988

Registered Sep. 23, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

### BEST OF DALLAS

NEW TIMES, INC. (ARIZONA CORPORATION)
1201 E. JEFFERSON
PHOENIX, AZ 85034

FOR: CONDUCTING INCENTIVE AWARD PROGRAMS TO PROMOTE THE BUSINESS OF RETAIL ESTABLISHMENTS THROUGH THE DEMONSTRATION OF EXCELLENCE IN CUSTOMER SERVICE, QUALITY OF PRODUCTS OR SERVICES, AND GENERALLY IN THEIR FIELD, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-12-1984; IN COMMERCE 7-12-1984.

SEC. 2(F).

SER. NO. 75-108,831, FILED 4-18-1996.

G. MAYERSCHOFF, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,098,909

**United States Patent and Trademark Office**    Registered Sep. 23, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## BEST OF DENVER

NEW TIMES, INC. (ARIZONA CORPORATION)
1201 E. JEFFERSON
PHOENIX, AZ 85034

FOR: CONDUCTING INCENTIVE AWARD PROGRAMS TO PROMOTE THE BUSINESS OF RETAIL ESTABLISHMENTS THROUGH THE DEMONSTRATION OF EXCELLENCE IN CUSTOMER SERVICE, QUALITY OF PRODUCTS OR SERVICES, AND GENERALLY IN THEIR FIELD, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-1-1984; IN COMMERCE 4-1-1984.

SEC. 2(F).

SER. NO. 75-093,029, FILED 4-23-1996.

G. MAYERSCHOFF, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,102,832
Registered Oct. 7, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## BEST OF HOUSTON

NEW TIMES, INC. (ARIZONA CORPORATION)
1201 E. JEFFERSON
PHOENIX, AZ 85034

  FOR: CONDUCTING INCENTIVE AWARD PROGRAMS TO PROMOTE THE BUSINESS OF RETAIL ESTABLISHMENTS THROUGH THE DEMONSTRATION OF EXCELLENCE IN CUSTOMER SERVICE, QUALITY OF PRODUCTS OR SERVICES, AND GENERALLY IN THEIR FIELD, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

  FIRST USE 9-27-1990; IN COMMERCE 9-27-1990.

  SEC. 2(F).

  SER. NO. 75-091,868, FILED 4-22-1996.

  G. MAYERSCHOFF, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,094,511
Registered Sep. 9, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## BEST OF MIAMI

NEW TIMES, INC. (ARIZONA CORPORATION)
1201 E. JEFFERSON
PHOENIX, AZ 85034

FOR: CONDUCTING INCENTIVE AWARD PROGRAMS TO PROMOTE THE BUSINESS OF RETAIL ESTABLISHMENTS THROUGH THE DEMONSTRATION OF EXCELLENCE IN CUSTOMER SERVICE, QUALITY OF PRODUCTS OR SERVICES, AND GENERALLY IN THEIR FIELD, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-14-1990; IN COMMERCE 2-14-1990.

SEC. 2(F).

SER. NO. 75-093,429, FILED 4-24-1996.

G. MAYERSCHOFF, EXAMINING ATTORNEY